# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN D. DYKES | : | CIVIL ACTION |
| | : | |
| v. | : | NO: 2:22-CV-00004-MAK |
| | : | |
| COUNTY OF CHESTER and | : | |
| | : | |
| DEBORAH RYAN District Attorney | : | JURY TRIAL DEMANDED |

REPORT OF RULE 26(f) MEETING

Under Federal Rule of Civil Procedure 26(f), this Court's March 7, 2022, Order, as amended by this Court's March 10, 2022 Order and this Court's Policies, counsel for the parties conferred on March 9, 2022, March 14, 2022 and March 22, 2022 and submit the following report of their meetings for the Court's consideration at the initial pretrial conference on March 30, 2022:

1. **DISCUSSION OF SPECIFIC CLAIMS, DEFENSES AND RELEVANT ISSUES**

PLAINTIFF:

In 2016, Kevin Dykes became the first African American Chief of Detectives following his appointment by then District Attorney Tom Hogan. He had risen through the ranks of the Detective Office under three different District Attorney Administrations. For over 46 years, the position of Chief Detective which requires certification was never considered a political position. Every chief was given an opportunity to continue employment at the change of administration. Documents from 2015 through 2019, document Chief Dykes has long complained about the

inequities regarding the determination of his salary, and benefits upon his elevation to Lieutenant and then Chief County Detective. The County was clearly on notice that he alleged he was not granted the same salary benefits as non-minorities. DA Hogan attempted to rectify the inequities, but the County refused. It is anticipated that Mr. Hogan will testify that Chief Dykes did not have any policymaking power, was not a member of his personal staff and did not close or fail to investigate child abuse or narcotics cases, which are decisions made by the attorneys.

In November 2019, Deborah Ryan was elected DA. She met with Chief Dykes on December 10, 2019, and told him she liked and respected him, but that she was terminating him, "because you were a part of Hogan's administration." After she took office on January 9, 2020, Ryan elevated multiple Hogan administration employees, who are Caucasian to high level positions in her administration and permitted a similarly situated detective, with managerial duties, to remain for one year so that he could be superannuated in his pension. In order to superannuate his pension, Chief Dykes took a position with the Sheriff's Office at a pay reduction of about $52,381 per year. On January 16, 2020, Ryan sent an email to the Sheriff accusing Chief Dykes of making "unauthorized charges" on a County credit card in December of 2019. She was not seeking reimbursement of the previous administrations charges, she was accusing Chief Dykes of a crime, when she knew or should have known the expenditure was approved by her predecessor. A series of events ensued causing plaintiff to believe Ms. Ryan's actions are racially motivated. On May 29, 2020, Chief Dykes filed with the EEOC. In July 2020 we engaged in settlement discussions with the County to no avail and by January of 2021, Ryan claimed that the reason for the termination was that she was aware that the morale in the detective's office was low, and that Chief Dykes prematurely terminated child abuse cases and major narcotics investigations because he did not want the detectives to earn more than he did.

There is absolutely no evidence that Plaintiff, a dedicated police officer acted in such a manner.

Despite previous denials, in its Position Statement to the EEOC, the County finally admitted that Chief Dykes was correct when in 2015, 2019 and 2020, he complained to his employer that he was denied compensation granted to Caucasians. Plaintiff seeks discovery as to the County's treatment and disregard of their written policies to benefit Caucasian males. Since 2015, plaintiff has complained about the disparate treatment he has received. When he was elevated from the rank of detective to lieutenant, his unused vacation and comp time were taken from him because he was no longer a member of the bargaining unit. His predecessors, two Caucasian males were permitted to retain theirs. In 2019, DA Hogan attempted to get the County to agree to move plaintiff to the next pay grade. He received an email from HR notifying him that there were 31 other county employees who were similarly situated. In that none of the other similarly situated employees are minorities, plaintiff seeks discovery as to whether any of those individuals received any benefits that were denied to plaintiff.

Significantly, in discussions with the County Solicitor, a letter to the Solicitor dated July 28, 2020, and in a Right to Know request, plaintiff sought to determine if his replacement was designated "acting' Chief Detective to permit him to retain benefits, such as overtime pay, pay for comp time and other benefits negotiated by the bargaining unit. The County's response was evasive at best and a deliberate misrepresentation at worst. On July 26, 2021, in their EEOC position statement, the County finally admitted that plaintiff's Caucasian male replacement was in fact receiving the benefits plaintiff had argued for since 2015. In addition, Plaintiff seeks discovery as to the cases Ryan claims were terminated due to plaintiff's conduct and other information which will demonstrate that the stated reasons for termination are nothing more than a pretext. Chief Dykes was able to obtain employment as Chief Deputy Sheriff. Chief Dykes

replaced a Caucasian male. Ryan, has leveled multiple unfounded complaints against him, including informing the Sheriff that the DA's Office and the Sheriff's Department had a good relationship and none of the issues she perceives as problematic existed when the person Chief Dykes replaced was in his position. The County has largely sided with the DA to the point of the non-lawyer administrator expressing legal opinions, which the Sheriff, an African American female and a lawyer has been forced to defend against and to issue a county-wide correction. Plaintiff will depose Ryan and others who will attest to the disparate treatment and expose the stated reason for termination is a pretext.

DEFENDANT, CHESTER COUNTY:

Plaintiff Kevin D. Dykes alleges claims for race discrimination and retaliation in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA") against the County of Chester and District Attorney Deborah Ryan following his termination from employment as the Chief of the County Detectives of Chester County. Plaintiff was terminated from that position when the newly elected District Attorney Deborah Ryan assumed office and elected to appoint her own selection for the Chief of County Detectives position, as is her right and authority under the law. As Chief of the County Detectives and as an employee serving the elected Office of the District Attorney, under Pennsylvania law, Plaintiff served at the pleasure of the District Attorney and was at all times an at-will employee. Plaintiff also alleges that Defendant Ryan retaliated against him by seeking reimbursement for Plaintiff's FOP dues for the upcoming year, which Plaintiff had charged on the District Attorney's Office's credit card. Defendant denies that seeking such reimbursement was unlawful. Defendant County of Chester denies that Plaintiff has stated a claim for discrimination or retaliation. Defendant also disputes that the relevant laws apply to Plaintiff, as the Chief of County Detectives position is a

high-level policy making position that is part of the District Attorney's personal staff. Defendant further denies that any actions taken by Defendant regarding Plaintiff were unlawful, discriminatory, or retaliatory in any way. Defendant at all times treated Plaintiff in a lawful manner and is not liable to Plaintiff. All decisions made by Defendant related to Plaintiff were based on legitimate, non-discriminatory reasons, which were not pretextual.

DEFENDANT, DEBORAH RYAN:

District Attorney Ryan and the Chester County District Attorney's Office denies plaintiff's allegations of disparate treatment, discrimination, and retaliation. The County is an equal opportunity employer that does not discriminate against employees for any reason. District Attorney Ryan is the first female and Democrat to serve as DA in the history of Chester County. The Pennsylvania legislature has vested authority with the District Attorney to "appoint one chief county detective, one assistant county detective and such other county detectives as the salary board may authorize." *See* 16 P.S. Counties § 1440. Newly elected District Attorney Ryan had legitimate, non-discriminatory, non-retaliatory, business reasons for hiring her own Chief Detective.

By way of defense, District Attorney Ryan principally argues that plaintiff is not entitled to recovery under Title VII because his position is excluded from the definition of "employee." Further, District Attorney Ryan contends that plaintiff cannot recover under Title VII or the PHRA because there is no evidence that she treated other similarly situated individuals outside the protected class more favorably than she treated plaintiff. District Attorney Ryan made no business decision concerning plaintiff that was in any way causally connected to his race, but, rather, made decisions based upon established law and legitimate non-discriminatory reasons. Moreover, District Attorney Ryan contends that plaintiff is not entitled to relief because there is

no evidence of a causal connection between plaintiff's participation in a protected activity and an adverse employment action.

## 2. STIPULATED FACTS AND INSURANCE COVERAGE AND DEDUCTIBLES

1.  Plaintiff, Kevin D. Dykes, is an African American male.

2.  Defendant County of Chester is a governmental entity constituted under the laws of the Commonwealth of Pennsylvania with offices at 313 West Market Street, West Chester, PA.

3.  Defendant Deborah Ryan is the duly elected District Attorney of Chester County with offices at 201 West Market Street, West Chester, PA.

4.  Plaintiff is currently employed by the County of Chester Sheriff's Office.

5.  The current Sheriff is Fredda Maddox, who is an African American female and an attorney. Sheriff Maddox was elected in November 2019.

6.  Defendant Deborah Ryan is Caucasian and was elected as District Attorney of Chester County in November 2019.

7.  Plaintiff was hired by the County of Chester in 2002, as a County Detective.

8.  Plaintiff was appointed to Chief of County Detectives in 2016 by then District Attorney Thomas Hogan.

9.  Plaintiff's employment with the District Attorney's Office ended on January 5, 2020.

10. District Attorney Ryan met with Plaintiff on December 10, 2019, in advance of her taking the Office of the District Attorney, to inform Plaintiff that she was terminating him.

11. District Attorney Ryan appointed the David Sassa, identified in Plaintiff's Complaint as "DS," who is a Caucasian male, to the position of Chief of County Detectives.

The County is insured by Pennsylvania Counties Risk Pool (PCoRP) and is self-insured to $50,000.

**3. INFORMAL DISCLOSURES**

Defendant County provided initial disclosures on March 15, 2022.

Plaintiff provided initial disclosures on March 23, 2022.

Defendant Ryan provided initial disclosures on March 24, 2022

**4. FORMAL DISCOVERY**

Defendant County produced documents along with initial disclosures on March 15, 2022, and served Requests for Documents and Interrogatories on that date.

Defendant Ryan produced documents along with initial disclosures on March 24, 2022, and intends to serve Requests for Documents and Interrogatories on April 1, 2022.

Plaintiff produced documents along with initial disclosures on March 23, 2022, and served Requests for Documents and Interrogatories Addressed to Defendant Ryan on March 26, 2022 and Interrogatories Addressed to Defendant County on March 28, 2022.

Plaintiff intends to depose Deborah Ryan, Robert Kagel, Michele Achenbach, Tom Hogan and a County Designee with knowledge of the County's employment practices and agreements between the employer and non-minority employees. Defendant County of Chester intends to depose Plaintiff, District Attorney Ryan and former District Attorney Hogan. At this time, District Attorney Ryan does not intend to depose any additional individuals other than those listed in this paragraph.

The parties request the following discovery deadlines

    A.    Completion of fact discovery    July 19, 2022

| | | |
|---|---|---|
| B. | Completion of expert discovery | July 19, 2022 |
| C. | Deadline to file summary judgment | August 5, 2022 |
| D. | Response to motion due | August 16, 2022 |
| E. | Trial | 30 days from decision on motion |

**5.  ELECTRONIC DISCOVERY**

Discovery will be in pdf form. Each party reserves the right to require production of a native version of the documents, if necessary.

**6.  EXPERT WITNESS DISCLOSURE**

Plaintiff intends to produce an expert as to economic loss. Defendants may elect to provide rebuttal expert testimony.

**7.  SETTLEMENT OR RESOLUTION**

The parties achieved an early settlement which was derailed due to a dispute concerning confidentiality. Plaintiff's economic losses have increased, and a demand will be sent to defendants on March 31, 2022.

**8.  TRIAL**

The parties request that trial be scheduled thirty (30) days from the date of the Court's decision on dispositive motions.

**9.  REFERRAL TO MAGISTRATE JUDGE**

The parties do not consent to referral for trial. The parties believe that a referral to Magistrate Judge Heffley for settlement purposes would be beneficial.

10. **OTHER MATTERS**

Defendants and Plaintiff request the entry of a 502(d) Order and attach a proposed Order for the Court's consideration.

Respectfully submitted

s/Dolores M. Troiani
Dolores M. Troiani
Counsel for Plaintiff
Troiani & Gibney, LLP
1273 Lancaster Avenue
Berwyn, PA 19312
610-688-8400
dmt@tglawoffice.com

s/Michael D. Jones
Michael D. Jones, Esquire
Eckert, Seamans, Cherin & Mellot, LLC
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102
(215) 851-8461
mdjones@eckertseamans.com

s/Laura A. Cottington
Laura A. Cottington, Esquire
Eckert, Seamans, Cherin & Mellot, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6770
lcottington@eckertseamans.com

s/Kyle C. Allen
Kyle C. Allen, Esquire
Lewis, Brisbois, Bisgarrd & Smith, LLP
550 East Swedesford Road
Suite 270
Wayne, PA 19087
(215) 977-4082
kyle.allen@lewisbrisbois.com